UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BEVERLY HURTADO,

          Plaintiff,

vs.   CASE NO.:

CHUY'S OPCO, INC.,

          Defendant.

_____

## NOTICE OF REMOVAL

Defendant, CHUY'S OPCO, INC., (hereinafter "Chuy"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, in which this action is now pending, to the United States District Court, Northern District of Florida, Gainesville Division, and respectfully represents as follows:

1.    On or about December 23, 2022, a Complaint was served on Defendant Chuy. The civil action entitled *Beverly Hurtado v. Chuy's Opco, Inc.,* was commenced in the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida, and assigned Case Number 2022-CA-4024. This action was filed in the Alachua County Circuit Court on December 16, 2022. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as **Exhibit "A"**).

2. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3. There is complete diversity of citizenship between the parties to this cause. Plaintiff is a citizen of the State of Florida. *See* Pl.'s Compl., ¶ 2. Defendant is a foreign company duly organized as a corporation under the law of Delaware with its principal place of business in Texas. *See* **Exhibit "B."** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See also, Riley v. Merrill Lynch, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant is a citizen of Delaware and Texas.

4. This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $30,000.00.

5. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). The evidence that the Court can rely on is

not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d at 1254-1255; *but see Clifford v. BJ's Wholesale Club, Inc.*, 2016 LEXIS 147614 (S.D. Fla. 2016). In addition, a plaintiff's claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy. *See, La Rocca v. Stahlheber*, 676 F.Supp.2d 1347, 1350 (S.D. Fla. 2009).

6. Plaintiff alleges in the Complaint that she was injured as a result of Defendant's negligent maintenance of its premises, which caused Plaintiff to trip and fall. Plaintiff allegedly injured her shoulders, wrists, hands, and arms, and claims that she has suffered damages including, without limitation:

   a. Bodily Injury
   b. Pain and Suffering
   c. Disability
   d. Inconvenience
   e. Loss of Capacity for the Enjoyment of Life
   f. Expense of Hospitalization and Medical Treatment
   g. Medical and Nursing Care Treatment
   h. Loss of Income
   i. Loss of Ability to Earn Money in the Future
   j. Aggravation of a Previously Existing Condition

*See* Pl.'s Compl., ¶ 13. Plaintiff also contends that her losses are permanent or continuing in nature. *Id.*

7. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010).

8. Prior to filing suit, the parties engaged in detailed settlement negotiations. On August 29, 2022, Plaintiff sent a presuit demand package wherein Plaintiff demanded $1,000,000 (policy limits) to settle the case. Plaintiff's counsel represented that Plaintiff had incurred $56,529.39 in past medical bills (including a shoulder surgery), $2,960.34 in lost wages, and $2,161.61 in out-of-pocket expenses. During continued settlement negotiations, Plaintiff's counsel subsequently produced a copy of Plaintiff's healthcare lien, which is for roughly $68,000 for past medical treatment. Plaintiff claims to have sustained significant injuries to her shoulders, wrists, hands, and arms. Plaintiff is also purportedly making a substantial claim for

non-economic damages, as she claims to have significant ongoing pain, a limited range of motion, and difficulty with activities of daily living. Plaintiff's counsel produced some of Plaintiff's medical records and bills to support her demand. *See* **Exhibit "C"**.

11. These "papers" provide specific information to support Plaintiff's claims, including records detailing Plaintiff's diagnoses, treatment, and medical bills. As such, Plaintiff's demand is not mere puffery or posturing. *See Filippone v. CP Clearwater, LLC*, No. 8:18-cv-2503-T-33AAS, 2018 U.S. Dist. LEXIS 192075, at *5 (M.D. Fla. Nov. 9, 2018).

12. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida.

14. Defendant has served the instant Notice of Removal on Plaintiff's counsel on January 12, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Eighth Judicial Circuit. Thus,

removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

15. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, Defendant respectfully requests that this action now pending in the Eighth Judicial Circuit in and for Alachua County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: January 12, 2023.

/s/ Alison H. Sausaman
Alison H. Sausaman
Florida Bar No. 112552
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: asausaman@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email:
egaskill@carrallison.com
Secondary Email:
jjoaquin@carrallison.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

David Carlson, Esquire
Florida Bar No. 124058
2550 SW 76th Street, Suite 150
Gainesville, FL 32608
Email: service@allenlaw.com
melissa@allenlaw.com
*Attorneys for Plaintiff*

                                                    /s/ Alison H. Sausaman
                                                    Alison H. Sausaman
                                                    *Attorneys for Defendant*